UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CAROLYN PLACHT, on behalf of the Symbria Inc. Employee Stock Ownership Plan, *et al.*,** | ) Case No.: 1:21-cv-05783 <br> ) <br> ) Hon. Ronald A. Guzman |
| Plaintiff, | |
| -v- | |
| **ARGENT TRUST COMPANY, *et al.* ,** | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY
DEFENDANTS JILL KRUEGER AND THOMAS NOESEN, JR.**

# Table of Contents

I. Introduction ........................................................................................................................1

II. Legal Standard Under Rule 12(b)(6) and Rule 8 ................................................................2

III. Argument ............................................................................................................................3

    A. Count V Fails to State an ERISA Section 405 Co-Fiduciary Liability Claim Against Krueger and Noesen ........................................................................................3

        1. Plaintiff Fails to Plead Krueger and Noesen Were Fiduciaries ...................4

        2. Plaintiff Fails to Plead That Krueger and Noesen had "Actual Knowledge" of or "Enabled" any Fiduciary Breach by Argent ..................5

    B. Count IV Fails to State an ERISA § 502(a)(3) Nonfiduciary Knowing Participation Claim Against Krueger and Noesen ....................................................7

        1. Plaintiff Fails to Plead Knowledge by Krueger and Noesen .......................8

        2. Plaintiff Fails to Plead Participation by Krueger and Noesen .....................9

        3. Plaintiff Fails to Plead Entitlement to "Appropriate Equitable Relief" .....10

    C. Count IV and Count V Should Also be Dismissed Because Plaintiff Fails to Plead Any ERISA Violations By Argent ............................................................10

IV. Conclusion ........................................................................................................................11

## Table of Authorities

**Federal Cases**

*Appvion, Inc. v. Buth*,
    475 F. Supp. 3d 910 (E.D. Wis. 2020) ................................................................................. 7, 8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................... 2, 5

*Atkins v. Hasan*,
    No. 15 CV 203, 2015 U.S. Dist. LEXIS 80176 (N.D. Ill. June 22, 2015) ............................ 3, 5

*Baker v. Kingsley*,
    387 F.3d 649 (7th Cir. 2004) ...................................................................................................... 4

*Bank of Am., N.A. v. Knight*,
    725 F.3d 815 (7th Cir. 2013) ............................................................................................. 3, 5, 7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................ 2, 7, 9

*Boyle v. L-3 Commc'ns Corp.*,
    No. 21 C 2136, 2021 U.S. Dist. LEXIS 186826 (N.D. Ill. Sept. 29, 2021) .......................... 3, 7

*Brooks v. Pactiv Corp.*,
    729 F.3d 758 (7th Cir. 2013) ...................................................................................................... 4

*Daniels v. Bursey*,
    313 F. Supp. 2d 790, 808 (N.D. Ill. 2004) ........................................................................... 9, 10

*Depot, Inc. v. Caring for Montanans, Inc.*,
    915 F.3d 643 (9th Cir. 2019), *cert denied*, 140 S. Ct. 223 (2019) ......................................... 10

*Ellis v. Rycenga Homes, Inc.*,
    484 F. Supp. 2d 694 (W.D. Mich. 2007) .................................................................................. 6

*Fish v. Greatbanc Tr. Co.*,
    No. 09 C 1668, 2016 U.S. Dist. LEXIS 137351 (N.D. Ill. Sept. 1, 2016) ............................. 10

*Godfrey v. Greatbanc Tr. Co.*,
    No. 18 C 7918, 2019 U.S. Dist. LEXIS 166200 (N.D. Ill. Sept. 26, 2019) ............................ 9

*Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*,
   530 U.S. 238 (2000) ............................................................................................... 8, 10

*In re Bausch & Lomb Inc. ERISA Litigation*,
   No. 06-CV-6297, 2008 U.S. Dist. LEXIS 106269 (W.D.N.Y. Dec. 12, 2008) ...................... 10

*Keach v. U.S. Tr. Co.*,
   240 F. Supp. 2d 840 (C.D. Ill. 2002) ....................................................................... 3, 6

*McCauley v. City of Chi.*,
   671 F.3d 611 (7th Cir. 2011) .............................................................................. 2, 7, 9

*Mejia v. Verizon Mgmt. Pension Plan*,
   No. 11 C 3949, 2012 U.S. Dist. LEXIS 61090 (N.D. Ill. May 2, 2012) ................................ 8

*Pugh v. Tribune Co.*,
   521 F.3d 686 (7th Cir. 2008) ..................................................................................... 10

*Richards v. Mitcheff*,
   696 F.3d 635 (7th Cir. 2012) ....................................................................................... 2

*Sears, Roebuck & Co. ERISA Litig.*,
   No. 02 C 8324, 2004 U.S. Dist. LEXIS 3241 (N.D. Ill. Mar. 2, 2004) .................................. 7

**Federal Statutes**

29 U.S.C. § 1104 (ERISA § 404) ................................................................................ *passim*
29 U.S.C. § 1105 (ERISA § 405) ................................................................................ *passim*
29 U.S.C. § 1106 (ERISA § 406) ...................................................................................... 7, 8
29 U.S.C. § 1132 (ERISA § 502) ................................................................................ *passim*
29 U.S.C. § 1002 ............................................................................................................. 4, 5

**Rules**

Fed. R. Civ. P. 8 ............................................................................................................. 2, 3
Fed. R. Civ. P. 11 ............................................................................................................... 2
Fed. R. Civ. P. 12 ............................................................................................................ 1, 2

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendants Jill Krueger ("Krueger") and Tom Noesen, Jr. ("Noesen") request that the Court dismiss Counts IV and V of the Complaint. As for Rule 12(b)(1), Krueger and Noesen fully adopt the threshold jurisdictional arguments set forth in Argent Trust Company's Motion to Dismiss and Memorandum in Support for why Plaintiff lacks Article III standing, and therefore this action should be dismissed for lack of subject matter jurisdiction. But if this Court determines it has subject matter jurisdiction, Counts IV and V should be dismissed against Krueger and Noesen for failure to state a claim under Rule 12(b)(6).

I.  **Introduction**

Plaintiff challenges a 2015 transaction in which the Symbria, Inc. Employee Stock Ownership Plan ("ESOP") purchased 100% of the stock of Symbria, Inc. ("Symbria") from its shareholders (the "2015 ESOP Transaction"). Those shareholders included twelve nonprofit senior living and wellness communities (the "Community Defendants"), and for a nanosecond before the 2015 ESOP Transaction closed, three individuals also named as defendants in this action—Jill Krueger ("Krueger"), Thomas Noesen, Jr. ("Noesen"), and John R. Callen. Defendant Argent Trust Company ("Argent") served as the independent trustee and ERISA fiduciary for the 2015 ESOP Transaction. Argent "represented the [ESOP] and its participants" and had "sole and exclusive authority to negotiate the terms of the ESOP Transaction and to authorize the Transaction on the [ESOP's] behalf." (Complaint ¶¶ 7, 50.) Plaintiff claims Argent supposedly failed to conduct a prudent investigation into the 2015 ESOP Transaction, and as a result, the ESOP paid more than fair market value for the Symbria stock it purchased. Yet despite containing 137 paragraphs, the Complaint is bereft of any facts that plausibly suggest wrongdoing by Argent.

The Complaint says even less about the other fifteen parties it names as derivative defendants for Argent's alleged ERISA violations. In particular, Plaintiff pleads no facts from

which this Court could reasonably infer that Krueger and Noesen knew about, participated in, concealed, or otherwise facilitated or assisted Argent's alleged ERISA violations. None.

Instead, Plaintiff indiscriminately and collectively lumps together all twelve of the Community Defendants with the three individual defendants, labels them the "Selling Shareholders," recites the legal elements of ERISA claims with a disclaimer from Rule 11 that the allegations will "likely have evidentiary support" after discovery, and then declares that the "Selling Shareholders" were co-fiduciaries who participated in, concealed, or enabled Argent's alleged breaches of fiduciary duty pursuant to ERISA section 405 (Count V). Alternatively, the Complaint alleges that the "Selling Shareholders" were nonfiduciaries who "knowingly participated" in Argent's ERISA violations pursuant to ERISA section 502(a)(3) (Count IV).

Plaintiff's threadbare and conclusory group-pleading fails to state a claim for relief against Krueger and Noesen, and is precisely the type of filing that Rule 8 and Rule 12(b)(6) were designed to prohibit. As set forth below, the Complaint should be dismissed against Krueger and Noesen.

## II.     Legal Standard Under Rule 12(b)(6) and Rule 8

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). A court will "accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "That is, the complaint must contain 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief." *McCauley*, 671 F.3d at 616 (quoting *Twombly*, 550 U.S. at 557).

Moreover, "[e]ach defendant is entitled to know what he or she did that is asserted to be

wrongful." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). "Liability is personal" and a "complaint based on a theory of collective responsibility must be dismissed." *Id.* "Details about who did what are not merely nice-to-have features of an otherwise-valid complaint; to pass muster under Rule 8 of the Federal Rules of Civil Procedure, a claim to relief *must* include such particulars." *Atkins v. Hasan*, No. 15-cv-203, 2015 U.S. Dist. LEXIS 80176, at *7 (N.D. Ill. June 22, 2015) (emphasis in original) (citing *Knight*, 725 F.3d at 818). Where the complaint "does not contain sufficient factual material" to specify what particular defendants did wrong and "to nudge the claim across the line from conceivable to plausible," it must be dismissed. *Boyle v. L-3 Communs. Corp.*, No. 21 C 2136, 2021 U.S. Dist. LEXIS 186826, at *7 (N.D. Ill. Sep. 29, 2021) (Guzman, J.).

**III.  Argument**

Plaintiff purports to bring two causes of action against the fifteen defendants lumped collectively together as the "Selling Shareholders"—co-fiduciary breach of duty under ERISA section 405 (Count V), and alternatively, nonfiduciary "knowing participation" in ERISA violations under ERISA section 502(a)(3) (Count IV). Both causes of action fail to state a claim for relief against Krueger and Noesen.

**A.  Count V Fails to State an ERISA Section 405 Co-Fiduciary Liability Claim Against Krueger and Noesen**

To state a claim under ERISA section 405, a plaintiff is required to plead facts that plausibly suggest the defendants: 1) were ERISA fiduciaries; and 2) participated in, concealed, or failed to remedy co-fiduciary breaches with "actual knowledge" of the co-fiduciary breaches, or that they "enabled" such co-fiduciary breaches through their own fiduciary breaches under ERISA section 404(a)(1). 29 U.S.C. § 1105(a); *Keach v. United States Tr. Co.*, N.A., 240 F. Supp. 2d 840, 844 (C.D. Ill. 2002). Plaintiff fails to plead these elements against Krueger and Noesen.

1. **Plaintiff Fails to Plead Krueger and Noesen Were Fiduciaries**

ERISA recognizes two types of fiduciaries: 1) named fiduciaries designated in the written instrument governing the plan, 29 U.S.C. section 1102(a)(2); and 2) individuals who become "functional" fiduciaries in relevant part because of discretionary authority or control they exercise over the plan or its assets, 29 U.S.C. section 1002(21).

There is no allegation that either Krueger or Noesen was a "named fiduciary," which ERISA defines to be those individuals "named in the plan instrument." 29 U.S.C. § 1102(a)(2).

Nor are there any facts alleged in the Complaint from which the Court could plausibly infer either Krueger or Noesen was a "functional" fiduciary—that is, a fiduciary by the actions they took, regardless of any formal designation in the plan instrument. ERISA provides in relevant part that a person is a "functional" fiduciary only "to the extent [] he exercises any discretionary authority or discretionary control respecting management of [a] plan or exercises any authority or control respecting management or disposition of its assets." 29 U.S.C. § 1002(21)(A); *Baker v. Kingsley*, 387 F.3d 649, 660 (7th Cir. 2004); *Brooks v. Pactiv Corp.*, 729 F.3d 758, 765 (7th Cir. 2013).

Plaintiff pleads no facts that indicate Krueger or Noesen exercised any discretionary authority or control regarding the ESOP and its assets. Rather, as Plaintiff expressly alleges, Argent was the named fiduciary in the ESOP plan who alone "exercised discretionary authority or discretionary control respecting management or disposition of the Plan's assets" (Complaint ¶¶ 16-17), and who "had *sole and exclusive authority* to negotiate and approve the ESOP Transaction on behalf of the Plan, including the price the Plan paid for Symbria stock." (Complaint ¶¶ 50; *see also id.* ¶ 7) (emphasis added).

The most Plaintiff can muster in support of any purported "functional" fiduciary status of Krueger and Noesen are generalized allegations that the "Selling Shareholders" collectively "were

directors (or persons having powers or responsibilities similar to directors) or officers of Symbria with express or functional authority to appoint and remove the Trustee, and thus each Selling Shareholder was a fiduciary with respect to the Plan at the time of the ESOP Transaction." (Complaint ¶ 126.) Such conclusory and "threadbare recitals" parroting the language for fiduciary status under 29 U.S.C. § 1002(21)—lodged collectively against fifteen separate defendants with no supporting or specific facts regarding the alleged actions of Krueger and Noesen—are plainly insufficient. As the Seventh Circuit plainly stated, "Liability is personal" and a "complaint based on a theory of collective responsibility must be dismissed." *Knight*, 725 F.3d at 818. *See also Iqbal*, 556 U.S. at 663; *Atkins*, 2015 U.S. Dist. LEXIS 80176, at *7. Indeed, Plaintiff alleges in other places that it was the Symbria Board of Directors, comprised of representatives of the twelve Community Defendants, who appointed Argent as Trustee—not Krueger or Noesen. (*See e.g.*, Complaint ¶¶ 50, 52, 54.) Nor is there any distinction made in the Complaint as to when any of the "Selling Shareholders", and particularly Krueger and Noesen, took an action that made them functional fiduciaries, nor does the Complaint describe specifically, or even generally, Krueger's or Noesen's conduct giving rise to a plausible claim that they were ERISA fiduciaries. "Each defendant is entitled to know what he or she did that is asserted to be wrongful." *Knight*, 725 F.3d at 818. The Complaint violates this plain Seventh Circuit Mandate and is therefore insufficient to survive a Rule 12(b)(6) motion to dismiss.

Because Plaintiff has not adequately plead that Krueger and Noesen were ERISA fiduciaries, Count V should be dismissed.

        **2.    Plaintiff Fails to Plead That Krueger and Noesen had "Actual Knowledge" of or "Enabled" any Fiduciary Breach by Argent**

Even if Plaintiff had pleaded that Krueger and Noesen were ERISA fiduciaries, Count V should still be dismissed because Plaintiff fails to plead the other necessary elements of a claim.

Section 405(a) states that "a fiduciary with respect to a plan shall be liable for a breach" by another fiduciary:

> (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;
>
> (2) if, by his failure to comply with section 404(a)(1) [29 U.S.C. § 1104(a)(1)] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or
>
> (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

29 U.S.C. § 1105(a). To bring a claim under section 405(a)(1) or (a)(3), it is "well established" that a plaintiff must plead facts that plausibly demonstrate "actual knowledge" of a co-fiduciary's breach—allegations of constructive knowledge or a theory of vicarious liability do not suffice. *Keach*, 240 F. Supp. 2d at 844; *see also Ellis v. Rycenga Homes, Inc.*, 484 F. Supp. 2d 694, 712 (W.D. Mich. 2007)). As for section 405(a)(2), a plaintiff must plead plausible facts showing how a defendant's own fiduciary breach of Section 404(a)(1) "has enabled such other fiduciary to commit a breach[.]" 29 U.S.C. § 1105(a).

Plaintiff falls far short of these pleading requirements. The Complaint offers only the conclusory allegation that the "Selling Shareholders" collectively, based on "their involvement in the ESOP transaction" and "positions as officers or directors" with "access to company financial information", somehow "knew or should have known of the fiduciary breaches" by Argent. (*See e.g.*, Complaint ¶¶ 127-130.) Plaintiff pleads no facts that plausibly suggest "actual knowledge" by Krueger and Noesen of any fiduciary breach by Argent—let alone facts showing how Krueger and Noesen specifically "participate[d]" in, "under[took] to conceal", or refused to take "reasonable efforts under the circumstances to remedy" any such breach by Argent. 29 U.S.C.

§ 1105(a)(1), (3). Nor does Plaintiff plead any facts that plausibly suggest how Krueger and Noesen themselves committed a breach of Section 404(a)(1) that "enabled" a fiduciary breach by Argent. 29 U.S.C. § 1105(a)(2). Indeed, Plaintiff does not even bring a claim against Krueger and Noesen for breach of Section 404(a).

The Complaint's "legal conclusions and conclusory allegations merely reciting the elements of a [section 405] claim" against the Selling Shareholders collectively are "not entitled to [a] presumption of truth" and are insufficient to state a claim against Krueger and Noesen. *McCauley*, 671 F.3d at 616 (quoting *Twombly*, 550 U.S. at 557); *see also Knight*, 725 F.3d at 818; *Boyle*, 2021 U.S. Dist. LEXIS 186826, at *6-7. In fact, courts in this District have dismissed defendants at the pleading stage where, as here, the plaintiff "impermissibly lumped all Defendants together" without specific plausible facts as to "the particular charges against each Defendant." *In re Sears, Roebuck & Co. ERISA Litig.*, No. 02-cv-8324, 2004 U.S. Dist. LEXIS 3241, at *24 (N.D. Ill. Mar. 2, 2004) (dismissing section 405 claim).

Because Plaintiff "identifies no specific facts from which it can be inferred that [Krueger and Noesen] had actual knowledge of any breaches by [Argent] or knowingly participated or concealed an act or omission by [Argent] that they knew to be a breach," her Section 405 claim must be dismissed. *Appvion, Inc. v. Buth*, 475 F. Supp. 3d 910, 944 (E.D. Wis. 2020).

    **B.    Count IV Fails to State an ERISA § 502(a)(3) Nonfiduciary Knowing Participation Claim Against Krueger and Noesen**

As an alternative to her co-fiduciary liability claim under ERISA section 405, Plaintiff alleges that the "Selling Shareholders" collectively are liable as nonfiduciary parties-in-interest for "knowing participation" in ERISA violations. Specifically, Plaintiff alleges the "Selling Shareholders" knowingly participated in Argent's alleged causation of a prohibited transaction under ERISA section 406, and also knowingly participated in Argent's alleged breaches of

fiduciary duty under ERISA section 404. (*See e.g.*, Complaint ¶¶ 9, 115, 119.)

The Seventh Circuit has not expressly ruled on the viability of a claim for knowing participation in a section 404 breach of fiduciary duty (i.e., the latter part of Count IV), but other Circuits, and at least one district court within the Seventh Circuit, have held that no such cause of action exists. *See e.g.*, *Appvion*, 475 F. Supp. 3d at 947-48 (dismissing knowing participation in section 404 breach of fiduciary duty claim and citing decisions from the Second, Third, and Fourth Circuits). This Court should follow the reasoning of *Appvion* and the other Circuits who have considered the issue, and dismiss this portion of Count IV.

Even if an actionable claim exists, however, Plaintiff fails to plead it against Krueger and Noesen. To state an ERISA section 502(a)(3) claim for "knowing participation" against Krueger and Noesen, Plaintiff was required to plead facts that plausibly suggest that: 1) Krueger and Noesen had "knowledge" of an ERISA violation by Argent; 2) Krueger and Noesen "participated" in an ERISA violation by Argent; and 3) Plaintiff is entitled to "appropriate equitable relief" from Krueger and Noesen. Plaintiff fails to plead all of these required elements.

1. **Plaintiff Fails to Plead Knowledge by Krueger and Noesen**

In the context of a claim for "knowing participation" by a nonfiduciary in a section 406 prohibited transaction, the Supreme Court has stated "actual or constructive knowledge of the circumstances that rendered the transaction unlawful" is required. *Harris Tr. & Sav. Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238, 251 (2000). Regarding a potential claim for "knowing participation" by a nonfiduciary in a section 404 breach of fiduciary duty—assuming legally actionable—a plaintiff must allege facts that show "distinct knowledge of a breach" because it "is inconceivable that a non-fiduciary would be held to a higher standard than a fiduciary" under the "actual knowledge" requirements of section 405. *Mejia v. Verizon Mgmt. Pension Plan*, No. 11-cv-3949, 2012 U.S. Dist. LEXIS 61090, at *32 (N.D. Ill. May 2, 2012).

Similar to their claim under section 405, however, the most Plaintiff alleges in support of any purported "knowledge" by Krueger and Noesen is the assertion that because they were counterparty sellers in the ESOP Transaction and "high ranking Symbria officers", they therefore supposedly "knew or should have known facts" regarding Argent's internal investigatory and due diligence processes "sufficient to give them knowledge of Argent's fiduciary breaches" and causation of a prohibited transaction "above fair market value". (Complaint ¶¶ 115-117.) Nonsense. These allegations are nothing "more than labels and conclusions, and a formulaic recitation" of the elements of a knowing participation claim. *Twombly*, 550 U.S. at 548. Plaintiff was required to instead set forth *facts* "plausibly suggesting (not merely consistent with)" knowledge of ERISA violations by Krueger and Noesen. Because she failed to do so, Count IV should be dismissed. *McCauley*, 671 F.3d at 616 (quoting *Twombly*, 550 U.S. at 557).

### 2. Plaintiff Fails to Plead Participation by Krueger and Noesen

In addition to "actual or constructive knowledge", a plaintiff must also plead facts that show defendants' "participation" in the alleged violations—which "means assisting or facilitating the fiduciary's breach." *Godfrey v. Greatbanc Tr. Co.*, No. 18-cv-7918, 2019 U.S. Dist. LEXIS 166200, at *21 (N.D. Ill. Sep. 26, 2019) (citing *Daniels v. Bursey*, 313 F. Supp. 2d 790, 808 (N.D. Ill. 2004)). But Plaintiff pleads no plausible facts—not any—regarding how Krueger and Noesen "assist[ed] or facilitate[ed]" an ERISA violation by Argent. And for good reason. As the Complaint plainly states, it was *Argent* that had "sole and exclusive authority to negotiate the terms of the ESOP Transaction and to authorize the Transaction on the Plan's behalf"—not Krueger or Noesen or anyone else. (Complaint ¶¶ 7, 50.) At most, Plaintiff alleges that Krueger and Noesen benefited from the 2015 ESOP Transaction as sellers who received consideration for their shares of Symbria stock—but that is clearly inadequate to show "participation" in an ERISA violation. *See id.* at *23 (dismissing knowing participation claim, which requires "assisting or facilitating a breach, not

simply benefitting from one") (citing *Daniels*, 313 F. Supp. 2d at 808; *In re Bausch & Lomb Inc. ERISA Litigation*, No. 06-CV-6297, 2008 U.S. Dist. LEXIS 106269, 2008 WL 5234281, at *12 (W.D.N.Y. Dec. 12, 2008)).

### 3. Plaintiff Fails to Plead Entitlement to "Appropriate Equitable Relief"

Plaintiff also does not adequately plead that she is entitled to "appropriate equitable relief" from Krueger and Noesen, which is a prerequisite and "limiting principle" to any "knowing participation" claim under section 502(a)(3). *Harris*, 530 U.S. at 250. *See also Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 660 (9th Cir.), *cert. denied*, 140 S. Ct. 223 (2019). Instead, the basis for and the nature of the relief Plaintiff seeks is entirely legal. Krueger and Noesen incorporate by reference and fully adopt here, rather than restate, the Community Defendants' argument in this regard, which is set forth in the Community Defendants' Memorandum in Support of their Motion to Dismiss. For this alternative and independent reason, Count IV should be dismissed.

### C. Count IV and Count V Should Also be Dismissed Because Plaintiff Fails to Plead Any ERISA Violations By Argent

Plaintiff's claims that Krueger and Noesen committed co-fiduciary breaches of duty under section 405 (Count V) and knowingly participated in ERISA violations under section 502(a)(3) (Count IV) are both derivative of her ERISA section 404 and 406 claims against Argent. *See, e.g.*, *Fish v. Greatbanc Tr. Co.*, No. 09-cv-1668, 2016 U.S. Dist. LEXIS 137351, at *185 (N.D. Ill. Sep. 1, 2016) ("Co-fiduciary liability claims under ERISA section 405 are derivative of an underlying breach of fiduciary duty"); *see also Harris*, 530 U.S. at 246 (recognizing limited cause of action against nonfiduciaries who knowingly participate in a fiduciary's violation of ERISA); *Pugh v. Tribune Co.*, 521 F.3d 686, 702 (7th Cir. 2008). The Complaint contains no plausible allegations of an ERISA violation by Argent and therefore no claims against Krueger and Noesen. As set forth

in Argent's Motion to Dismiss and Memorandum in Support, which Krueger and Noesen incorporate and adopt here by reference, Plaintiff has failed to state any plausible ERISA section 404 or 406 claim against Argent. For this additional reason, the derivative claims asserted against Krueger and Noesen in Count IV and Count V should be dismissed.

## IV.  Conclusion

For all the foregoing reasons, the Court should grant Krueger and Noesen's Motion to Dismiss.


Dated: January 24, 2022

Respectfully submitted,
/s/ Michael L. Scheier
Michael L. Scheier (0055512)
Brian P. Muething (0076315)
Jacob D. Rhode (0089636)
KEATING MUETHING & KLEKAMP PLL
One E. 4th Street, Suite 1400
Cincinnati, OH 45202
Tel: (513) 579-6400
Fax: (513) 579-6457
mscheier@kmklaw.com
bmuething@kmklaw.com
jrhode@kmklaw.com
*Attorneys for Defendants Jill Krueger and Thomas Noesen, Jr.*

and

Ross D. Taylor (6198181)
KEATING MUETHING & KLEKAMP PLL
125 S. Clark St., 17th Floor
Chicago, IL 60603
*Attorney for Defendants Jill Krueger and Thomas Noesen, Jr.*

**CERTIFICATE OF SERVICE**

    I, Michael L. Scheier, hereby certify that on January 24, 2022, I electronically filed the foregoing Memorandum in Support using the CM/ECF system, which will send notification of such filing to all registered participants.

                                                        */s/ Michael L. Scheier*
                                                        Michael L. Scheier