UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROLYN PLACHT, on behalf of the Symbria Inc. Employee Stock Ownership Plan and on behalf of a class of all other persons similarly situated, | |
| Plaintiff, | Case No. 1:21-cv-05783 |
| | Hon. Ronald A. Guzman |
| v. | Hon. Beth W. Jantz |
| ARGENT TRUST COMPANY, JILL KRUEGER, THOMAS NOESEN, JR., JOHN R. CALLEN, | |
| Defendants. | |

## JOINT STATUS REPORT AND PROPOSED SCHEDULE FOR EXPERT DISCOVERY

In accordance with the Court's November 11, 2022 minute entry (Dkt. 96), Plaintiff Carolyn Placht, on behalf of the Symbria Inc. Employee Stock Ownership Plan ("ESOP"), and similarly situated participants in the Plan and their beneficiaries ("Plaintiff"), and Defendant Argent Trust Company ("Argent"),[1] submit the following joint status report.

## Fact Discovery

Pursuant to the Court's February 4, 2022 minute entry (Dkt. 40), the parties concluded fact discovery on December 5, 2022.

## Class Certification

The parties propose the following schedule for briefing on Plaintiff's Motion for Class

---

[1] Plaintiff filed a motion voluntarily dismissing Defendants Jill Krueger, Thomas Noesen, Jr., and John R. Callen on December 5, 2022 (Dkt. 97).

Certification:[2]

| Action | Deadline |
|---|---|
| Motion for Class Certification | January 6, 2023 |
| Opposition to Motion for Class Certification | February 3, 2023 |
| Reply to Motion for Class Certification | February 17, 2023 |

**Expert Discovery**

    <u>Plaintiff's Experts and Proposed Expert Discovery Schedule</u>

    Plaintiff proposes a schedule that aligns with the parties' burdens of proof minimizes burden and cost to the parties, and shortens the time necessary to complete expert discovery. Plaintiff and Argent Trust Company should disclose their experts and expert reports on the same day because each side bears a burden on the same pivotal issues. Plaintiff asserts Argent caused and engaged in prohibited transactions forbidden by ERISA § 406(a)-(b) (Count I), the elements of which are undisputed. The key issue for those prohibited transaction claims is whether Argent can prove its affirmative defense under ERISA § 408 that the Plan paid no more than "adequate consideration" (see Argent's Ninth, Eleventh, Twelfth Affirmative Defenses). 29 U.S.C. § 1108(e). Argent must therefore prove (1) the ESOP paid no more than fair market value for Symbria stock and (2) Argent acted in "good faith" by diligently and prudently evaluating the transaction. 29 U.S.C. § 1108(b)(17). *See Allen v. GreatBanc Trust Co.*, 835 F.3d 670, 676 (7th Cir. 2016) (holding that defendants bear the burden of proof on § 408 exemptions, which includes the adequate consideration defense). Plaintiff also asserts a breach of fiduciary duty

---

[2] The Parties' proposed schedule filed on January 31, 2022 (Dkt. 38) included dates for briefing a motion for class certification. The subsequent orders and schedules entered by the Court did not include any of those proposals in the schedule.

claim under ERISA § 404 (Count II). On that count, it is Plaintiff's burden to prove Argent failed to act diligently and prudently when investigating, evaluating, and approving the transaction. This proof is the inverse of Argent's proof on good faith. *See Fish v. GreatBanc Trust Co.*, 749 F.3d 671, 680 (7th Cir. 2014) ("In reviewing the acts of ESOP fiduciaries under the objective prudent person standard, courts examine both the process used by the fiduciaries to reach their decision as well as an evaluation of the merits. This is true when determining whether an act was prudent under the general standard of [29 U.S.C.] § 1104 and whether an otherwise prohibited transaction under § 1106 is saved by 'adequate consideration' under § 1108(e).") (citation omitted); *Brundle v. Wilmington Trust, N.A.*, 919 F.3d 763, 770 (4th Cir. 2019) (ESOP fiduciary proves adequate consideration by showing a prudent investigation in light of the duties set forth in ERISA § 404). Finally, to prove damages, Plaintiff must prove the ESOP paid more than fair market value. This proof is the inverse of Argent's proof that the ESOP paid no more than fair market value.

Plaintiff's proposal for simultaneous expert disclosures on issues for which the party will bear the burden of proof, whether affirmative defenses or claims, is supported by the Federal Rules of Civil Procedure and decisions interpreting Rule 26. *See Array Techs., Inc. v. Mitchell*, No. 1:17-CV-00087-JCH-LF, 2019 WL 6828390, at *2 (D.N.M. Dec. 13, 2019) ("[I]n most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue.") (citing Fed. R. Civ. P. 26 advisory committee's note to 1993 amendments, Paragraph (2)); *Nat'l Credit Union Admin. Bd. v. UBS Sec., LLC*, No. 12-2591-JWL, 2016 WL 3686300, at *2 (D. Kan. Feb. 25, 2016) ("Loss causation is an affirmative defense for which defendants bear the burden, and any loss causation expert reports are due on [the date for opening expert reports]");

*Aszmus v. Mclnnis*, No. 3:14-CV-00166-SLG, 2014 WL 12631868, at *1 (D. Alaska Dec. 8, 2014) ("the default provision under the applicable federal civil rule provides for an initial simultaneous exchange of expert reports unless otherwise stipulated or ordered"); *United States of Am. Upon Relation & for Use of the Tennessee Valley Auth. v. Tree-Removal Rights with Repsect to Land in Marshall Cty., Mississippi*, No. 3:17CV128-DMB-RP, 2018 WL 6975138, at *1 (N.D. Miss. Nov. 2, 2018) (citing advisory committee's notes and concluding "that the experts should be designated in accordance with the burden of proof requirements.")

To support the issues on which it bears the burden of proof—Argent's inadequate process and overpayment for Symbria's shares in support of its breach of fiduciary duty claims and evidence of damages—Plaintiff will disclose a private company valuation expert and due diligence expert. Those two experts will be the same experts retained to rebut similar opinions put forth by Argent's experts on which Argent bears the burden of proof—adequate process and payment of no more than fair market value for Symbria's shares. Plaintiff will also engage rebuttal experts for any additional topics on which Argent's experts opine.

The simultaneous disclosure of experts on which the parties' bear the burden of proof will streamline expert discovery and allow it to be completed more expeditiously. There will be one round of opening reports. One round of rebuttals. And all expert depositions can be taken within thirty days of rebuttal reports being served.

For those reasons, Plaintiff proposes the following expert discovery schedule:

| Action | Deadline |
|---|---|
| Disclosure of the identities of expert witnesses on which the party bears the burden of proof | February 10, 2023 |
| Rebuttal disclosures | March 24, 2023 |

| Depositions of experts | April 21, 2023 |
|---|---|

<u>Argent's Experts and Proposed Expert Discovery Schedule</u>

Defendant proposes the following expert discovery schedule:

| **<u>Action</u>** | **<u>Deadline</u>** |
|---|---|
| Plaintiff to disclose affirmative expert opinions | January 26, 2023 |
| Defendants to disclose affirmative and rebuttal expert opinions | March 2, 2023 |
| Plaintiff to disclose rebuttal expert opinions | April 6, 2023 |
| Expert discovery period closes | April 20, 2023 |

Defendant's proposed schedule would provide Plaintiff <u>six weeks</u> from the date of the December 15 discovery conference to disclose affirmative expert opinions; would provide Defendant <u>five weeks</u> to depose Plaintiff's experts and to disclose Defendant's affirmative and rebuttal expert opinions; would provide Plaintiffs <u>five weeks</u> to depose Defendant's experts and to disclose any rebuttal expert opinions; and would then afford Defendant <u>two weeks</u> to depose Plaintiff's experts concerning their rebuttal opinions. Both parties would be permitted a maximum of seven hours of total deposition time with each expert.

The parties' proposed schedules are essentially identical in length (Defendant's proposed schedule is one day shorter). As the Court is aware from the parties' prior joint submission of an expert discovery schedule, *see* Dkt. 95, the parties previously came to an agreement on the appropriate order of expert opinion disclosures, which Defendant's proposed schedule retains.

Plaintiffs now seek to alter the previously agreed order of expert opinion disclosures, so that Defendant would be required to disclose its affirmative expert opinions at the outset of the expert discovery period, without knowing what specific issues Plaintiff will raise attacking

Defendant's process for approving the terms of the October 2015 transaction whereby the ESOP purchased 100% of Symbria's stock.  Plaintiff attempts to justify imposing this altered ordering of the expert opinion disclosures on the grounds that Defendant bears a burden of proof that is the "inverse" of Plaintiff's own burden of proof, which requires Defendant to demonstrate that it reasonably concluded in 2015 at the time that it approved the proposed transaction that the terms of the transaction would satisfy the requirements of ERISA's various prohibited transaction exemptions.  But Plaintiff fails to inform the Court that:

- Defendant engaged experts in 2015 to produce opinions and reports to support Defendant's contemporaneous analysis examining whether the requirements of the prohibited transaction exemptions were satisfied[3];

- The experts Defendant retained in 2015 furnished detailed opinions and reports specifically addressing the subjects that Plaintiff cites, including adequate consideration, fair market value, and the fairness of the various terms of the transaction (among other subjects);

- Plaintiff has already sought and received thousands of pages of discovery on those subjects from Defendant, as well as directly from the third party experts used in 2015, including thousands of pages of draft and final opinions and reports;

- Plaintiff has already deposed both Defendant and Defendant's 2015 independent appraiser and financial advisor, Stout Risius Ross, Inc. ("SRR"), concerning the 2015 opinions and reports, and spent hours of that deposition time reviewing SRR's 122

---

[3] The terms of Defendant's May 2015 engagement to serve as Trustee for purposes of evaluating the transaction expressly required it to engage both "an independent appraiser and financial advisor" and a law firm to act as its legal counsel to support its work reviewing the transaction.

page "Analysis of Transaction Fairness," as well as numerous drafts thereof, in line-by-line detail.[4]

In sum, Defendant has already produced thousands of pages of documents in support of its burden of proof—including reports and opinions that were generated in 2015 by Defendant's retained expert advisors, and including extensive documentation of Defendant's process—that directly support the reasonableness of Defendant's conclusion at that time that the applicable prohibited transaction exemptions were satisfied. It would be burdensome and wasteful for Defendant to now be required, at the first step of the expert discovery period, and without knowing the lines of attack that Plaintiff will ultimately pursue, to disclose affirmative expert opinions supporting the reasonableness of every possible aspect of its 2015 process and conclusions that Plaintiff might conceivably challenge. When Plaintiff discloses its affirmative expert opinions, it will be the first time in this litigation that Plaintiff will have identified any specific alleged flaws in Defendant's process or conclusions. Plaintiff's complaint contains nothing more than vague "information and belief" type allegations concerning either. *See, e.g.,* Compl. ¶¶ 71, 74. And that will be the appropriate time for Defendant to disclose expert opinions that can address the specific flaws Plaintiff asserts, both for purposes of rebutting

---

[4] The Analysis of Transaction Fairness states that "In our capacity as the Trustee's independent financial advisor, the Trustee has specifically asked us to render a written opinion (the "Opinion") as to whether:

- the consideration to be paid by the ESOP for its shares of Company stock pursuant to the terms of the Transaction (as defined herein) of such shares;
- the interest rate on the loan from the Company to the ESOP is not in excess of a reasonable interest rate;
- the financial terms of the loan from he Company to he ESOP are at least as favorable to the ESOP as would be the financial terms of a comparable loan resulting from negotiations between independent parties; and
- the terms and conditions of the Transaction (as defined herein), taken as a whole, are fair to the ESOP from a financial point of view."

7

Plaintiff's opinions on those subjects, and for purposes of supporting its own burden of proof. Plaintiff's proposed approach, by contrast, would necessitate that Defendant's affirmative expert opinions address every possible aspect of its 2015 process and conclusions that Plaintiff might choose to attack, including numerous issues that will not ultimately be in dispute in the case.

To the extent that Plaintiff does disclose both a private company valuation expert and a due diligence expert, Defendant would expect to do the same, depending on the specific opinions offered.

Dated:     December 8, 2022                    Respectfully submitted,

                                               **BAILEY & GLASSER LLP**

                                               */s/    Patrick Muench*_____
                                               Patrick O. Muench
                                               318 W. Adams Street
                                               Suite 1512
                                               Chicago, IL 60606
                                               Telephone: (312) 500-8680
                                               Facsimile: (304) 342-1110
                                               pmuench@baileyglasser.com

                                               Ryan T. Jenny
                                               Gregory Y. Porter (*pro hac vice*)
                                               Laura E. Babiak (*pro hac vice*)
                                               1055 Thomas Jefferson Street, NW
                                               Suite 540
                                               Washington, DC 20007
                                               Telephone: (202) 463-2101
                                               Facsimile: (202) 463-2103
                                               rjenny@baileyglasser.com
                                               gporter@baileyglasser.com
                                               lbabiak@baileyglasser.com

                                               *Attorneys for Plaintiff*

*/s/    Gregory Jacob*
Gregory Jacob
Shannon M. Barrett
Deanna Marie Rice
O'Melveny & Myers LLP
1625 I St NW
Washington, DC 20006
(202) 383-5308
gjacob@omm.com
sbarrett@omm.com
Derice@omm.com


Jeffrey Andrew Soble
John R. Landis
Samantha Ann Sadler
Foley & Lardner
321 North Clark Street
Suite 2800
Chicago, IL 60654
(312) 832-4500
jsoble@foley.com
jrlandis@foley.com
ssadler@foley.com

Michael S. Shapiro
Tomlinson & Shapiro, P.C.
8501 W. Higgins Road
Suite 420
Chicago, IL 60631
(312) 715-8770
mss@tomlinsonshapiro.com

*Attorneys for Defendant Argent Trust Company*