IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROLYN PLACHT, on behalf of the Symbria Inc. Employee Stock Ownership Plan and a class of all other persons similarly situated, ) ) ) ) ) | |
| Plaintiff, ) ) | No. 21 C 5783 |
| v. ) ) | Judge Ronald A. Guzmán |
| ARGENT TRUST COMPANY, ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons explained below, Plaintiff's unopposed motion for class certification and appointment of class counsel is granted.

## RELEVANT BACKGROUND

Carolyn Placht, a participant in the retirement plan ("Plan") of Symbria Inc. ("Symbria"), brought this putative class action under the Employee Retirement Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, against Argent Trust Company ("Argent").[1] Plaintiff alleges that Argent, the Plan's Trustee, violated its fiduciary duties to Plan participants as to an October 31, 2015 transaction, in which the Plan and its Trust, the Symbria Inc. Employee Ownership Trust, purchased all issued and outstanding shares of Symbria from the former shareholders for $66,500,000.00 ("ESOP Transaction"). That purchase price was financed by two loans at a 2.64% interest rate, one 40-year loan guaranteed by Symbria, and another loan from the shareholders who were selling the shares to the Plan and Trust. Plaintiff asserts that the Plan and its Trust overpaid for the Symbria shares and that the overpayment is attributable to Argent.

Plaintiff alleges that the ESOP Transaction involved prohibited transactions under ERISA § 406(a), 29 U.S.C. § 1106(a), including the purchase of stocks from and acceptance of loans from parties in interest, and that Argent breached its fiduciary duties under ERISA § 404(a)(1), 29 U.S.C. § 1104(a), by failing to independently and thoroughly investigate whether the Symbria stock price was properly valued. Plaintiff claims that Defendants' actions caused her and all Plan participants to suffer diminutions of their Plan account values. The Court provided a detailed summary of Plaintiff's allegations in the Memorandum Opinion and Order of August 10, 2022 (ECF No. 71) and will not reiterate those here. Plaintiff now seeks class certification.

---

[1] Plaintiff originally named additional Defendants, but only Argent remains. (ECF No. 71, Mem. Op. & Order; ECF No. 97, Stipulation of Dismissal with Prejudice.)

**DISCUSSION**

Plaintiff in Counts I and II of her complaint alleges that, in conjunction with the ESOP Transaction, Argent violated ERISA §§ 406, 409(a), 29 U.S.C. §§ 1106(a), 1109(a), by causing the Plan to engage in prohibited transactions and breaching its fiduciary duties of prudence and loyalty by failing to discover that the Plan was overpaying for the Symbria shares due to overstated valuations and overzealous projections. Plaintiff brings these claims pursuant to ERISA §§ 409 and 502(a)(2), 29 U.S.C. §§ 1109, 1132(a)(2), "in a representative capacity on behalf of the plan as a whole." *Lively v. Dynegy, Inc.*, No. 05-CV-00063-MJR, 2007 WL 685861, at *2 (S.D. Ill. Mar. 2, 2007) (quoting *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985)). In Count III, Plaintiff alleges that Argent's indemnification agreement with Symbria was void under ERISA § 410(a), 29 U.S.C. § 1110(a). (See ECF No. 34-4, Argent Trust Co. and Symbria Letter of Engagement, attached Exhibit 4 to Argent's Mot. Dismiss.)

Plaintiff now seeks to represent and certify a class defined as follows: "All participants in the Symbria, Inc. Employee Stock Ownership Plan and the beneficiaries of such participants as of the date of the October 31, 2015 ESOP Transaction or anytime thereafter." (ECF No. 102, Pl.'s Mot. Class Cert. & Appoint Class Counsel, at 1; ECF No. 112, Joint Stmt. Identifying Counts for Which Pl. Seeks Class Cert., at 1 (stating that Plaintiff "seeks class certification for Counts I-III of her complaint").) Excluded from the class are "the shareholders who sold their Symbria stock to the Plan, directly or indirectly, and their immediate families; the directors and officers of Symbria and their immediate families; and legal representatives, successors, and assigns of any such excluded persons." (ECF No. 102 at 1) Plaintiff seeks to be appointed as class representative and asks that the Court appoint as class counsel her attorneys at Bailey & Glasser LLP. Argent does not contest the class definition but asserts that Plaintiff's presentation in support is imperfect; nonetheless, Argent "does not dispute that a class could properly be certified pursuant to Federal Rule of Civil Procedure 23" and "does not oppose [P]laintiff's motion for class certification and appointment of counsel." (ECF No. 109, Def.'s Resp. Pl.'s Mot Class Cert. & Appoint Class Counsel, at 1, 4; ECF No. 112 at 1.)

Although Defendant does not meaningfully contest class certification, Federal Rule of Civil Procedure 23(c) "imposes an independent duty on the district court to determine by order that" the requirements for class certification are satisfied. *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003). This requires a "rigorous analysis" to ensure that the proposed class satisfies Rule 23(a)'s four stated requirements of numerosity, typicality, commonality, and adequacy of representation, *Driver v. Marion Cnty. Sheriff*, 859 F.3d 489, 493 (7th Cir 2017), and the proposed class action falls within the types of suits set forth in Rule 23(b), *Simpson v. Dart*, 23 F.4th 706, 711 (7th Cir. 2022) (citing Fed. R. Civ. P. 23(a), (b)). Should a plaintiff meet those requirements, "the class *must* be certified[.]" *Id*. (emphasis in original) (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 399-400 (2010)). "[A] court that certifies a class" also must generally "appoint class counsel." Fed. R. Civ. P. 23(g)(1).

**1. Numerosity**

Rule 23(a)(1) authorizes class treatment when "the class is so numerous that joinder of all members is impracticable," which typically requires forty or more class members. *See Swanson v. Am Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969). A court need not be able

to precisely number the class. *Orr v. Shicker*, 953 F.3d 490, 497-98 (7th Cir. 2020). Plaintiff here has established that there were 1,212 participants in the Plan as of March 31, 2020, and 1,164 participants in the plan as of March 31, 2021. Defendant does not challenge class numerosity, and the Court sees no reason to doubt that the proposed class numbers greater than forty, such that joinder of all members would be impracticable. This is so even considering that some Plan participants are excluded from the class definition.

**2. Commonality**

Rule 23(a) also requires "questions of law or fact common to the class," Fed. R. Civ. P. 23(a)(2), which Plaintiff asserts is met due to claimed breaches of fiduciary duties by Argent, alleged prohibited transactions, including the stock purchase and financing, and claimed related losses of the Plan and its participants. "District courts in the Seventh Circuit have held that because ESOP-related fiduciary breaches affect all plan members in the same way (and plan members likewise receive a common benefit if relief is granted), the commonality requirement is generally met in ERISA class actions." *Rush v. GreatBanc Trust Co.*, No. 19 C 0738, 2021 WL 2453070, at *9 (N.D. Ill. June 16, 2021) (citing *Chesemore v. All. Holdings, Inc.*, 276 F.R.D. 506, 510 (W.D. Wis. 2011); *Neil v. Zell*, 275 F.R.D. 256, 267 (N.D. Ill. 2011)). So too here, as the case presents common questions as to whether and how Argent breached its fiduciary duties to the Plan through the ESOP Transaction, whether Argent's indemnification agreement with Symbria was void, and whether the Plan participants were thereby damaged.[2] Should Plaintiff succeed, the recovery inures to all Plan members. *Rush*, 2021 WL 2453070, at *9. The Court therefore finds that this case presents common questions of law and fact.

---

[2] Despite its professed lack of opposition to class certification, Defendant prefers that Plaintiff would have supported and formulated her commonality questions as to Counts I and II differently. (ECF No. 109 at 3-4 (suggesting alternative common questions, such as whether "Argent engaged in a prudent investigation . . . ; [] Argent drove a hard bargain [in the ESOP Transaction negotiations]; [] Argent reasonably determined that the price at which the Plan purchased Symbria stock was no greater than the fair market value of the stock at the time; . . . ; [] the loan transactions entered to finance the stock purchase were primarily in the interest of the Plan's participants; and [] the 2.64% interest rate charged on those loans was reasonable.")). These differ little in essentials from Plaintiff's articulation, and Plaintiff's articulation is sufficient and conventional for her claims, which stem from related transactions and events of the sort that would cause similar effects across all Plan members. *Rush*, 2021 WL 2453070, at *4 (addressing nearly identical claimed common questions of law or fact); *Lively*, 2007 WL 685861, at *8 (finding that plaintiffs demonstrated commonality through the following questions: "whether Defendants were fiduciaries of the Plan during the class period; whether Defendants breached the fiduciary duties they owed to Plan participants . . .; whether Defendants breached the fiduciary duties they owed to Plan participants by imprudently allowing and/or directing the Plan to purchase and hold Dynegy stock; whether the Plan and its participants were injured by such breaches; whether Defendants must make the Plan whole for its losses pursuant to ERISA § 409, 29 U.S.C. § 1109; and whether such losses should be allocated to Plan participants' individual Plan accounts").

### 3. Typicality

"[T]he claims or defenses of the representative parties [must be] typical of the claims or defenses of the class," Fed. R. Civ. P. 23(a)(3), which is satisfied when the plaintiff's claim "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998); *see Lively*, 2007 WL 685861, at *10 (explaining that where an "action is brought on behalf of the Plan, not the individual participants, [] Plaintiffs' claims, of necessity, are typical of the claims of the members of the proposed class") (collecting cases). Here, Plaintiff's claim arises under the same legal theories and from the same events, the ESOP Transaction and indemnification provision, as the claims of the class members. *See Lively*, 2007 WL 685861, at *9 (explaining that typicality requirement was satisfied where all proposed class members "assert . . . losses to the Plan caused [by] the decision of Plan fiduciaries to invest in Dynegy stock and to offer such stock as an investment alternative for Plan participants when they allegedly knew or should have known that the price of the stock was artificially inflated and that the stock was an imprudent investment for the Plan," and the class members' "claims are premised upon the same legal theory, a breach of ERISA fiduciary duties, as the claims of the proposed class").

### 4. Adequacy

Argent does not argue that (and the Court sees no reason why) Plaintiff would not adequately represent the class. There is no apparent conflict or any inconsistency, as Plaintiff is "part of the class and possess[es] the same interest and suffer[s] the same injury as the class members." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) (internal quotation marks and citation omitted); *see Lively*, 2007 WL 685861, at *11-13 (observing that, in breach-of-fiduciary-duty ERISA case, "[n]o individual member of the proposed class has an incentive to maximize his or her individual recovery because the recovery in this case is on behalf of the Plan and is the same with respect to each Plaintiff and unnamed class member, that is, all of the loss to the Plan caused by the alleged fiduciary breaches").

### 5. Rule 23(b)

Rule 23(b)(1) permits class certification where individual lawsuits would create a risk of (1) "inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct" for defendants or (2) "adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Fed. R. Civ. P. 23(b)(1)(A)-(B). "ERISA actions alleging breach of fiduciary duty have been described as 'paradigmatic' Rule 23(b)(1) class action cases." *Rush*, 2021 WL 2453070, at *9 (quoting *Neil*, 275 F.R.D. at 267 (listing cases)). This is so because plan participants have a shared stake in the outcome of an ERISA case when the recovery goes to the plan, rather than directly to the plaintiff. *Id*. (citation omitted). "Likewise, 'defendant-fiduciaries are entitled to consistent rulings regarding operation of the plan.'" *Id*. (citation omitted); *see Neil*, 275 F.R.D. at 267 ("ERISA class actions are commonly certified under either or both subsections of 23(b)(1) because recovery for a breach of the fiduciary duty owed to an ERISA plan, as is the predominant claim here, will inure to the plan as

a whole, and because defendant-fiduciaries are entitled to consistent rulings regarding operation of the plan. Essentially, in an ERISA action in which relief is being sought on behalf of the plan as a whole . . . , a plaintiff's victory would necessarily settle the issue for all other prospective plaintiffs."). The Court agrees that the circumstances of this case fall within the parameters of a Rule 23(b)(1) class action. *See Rush*, 2021 WL 2453070, at *9 (finding "ample reason to grant certification pursuant to Rule 23(b)(1)" as to claims regarding an ESOP transaction); *Lively*, 2007 WL 685861, at *16 (granting class certification under Rule 23(b)(1) because "[i]t is clear that adjudications with respect to individual members of the proposed class will as a practical matter be dispositive of the interests of other class members").

### 6. Adequacy of Class Counsel

Plaintiff finally must demonstrate "that the proposed class counsel has the necessary experience and competence to litigate the case." *Rush*, 2021 WL 2453070, at *4; Fed. R. Civ. P. 23(g) (providing that courts "must consider" proposed class counsel's identification and investigation work in the pending case, prior experience with class actions and complex litigation and similar claims, "knowledge of the applicable law," and resources to be committed to class representation). Plaintiff's supporting declaration and her attorneys' conduct in this litigation thus far establish that those attorneys possess the necessary experience, competence, drive, and resources to effectively litigate on behalf of a class, and they have collectively litigated on behalf of classes in complex litigation, including similar ERISA claims. (ECF No. 104, Decl. of Gregory Y. Porter.) *See, e.g., Bekker v. Neuberger Berman Grp. 401(k) Plan Inv. Comm.*, 504 F. Supp. 3d 265, 270 (S.D.N.Y. 2020) (stating, in context of breach-of-fiduciary-duty ERISA claim, "Gregory Y. Porter [and] Ryan T. Jenny . . . each have extensive experience at the forefront of this area of law"); *Guidry v. Wilmington Tr.*, 333 F.R.D. 324, 330 (D. Del. 2019) ("Based on the experience of counsel at Bailey & Glasser, LLP [including Gregory Y. Porter, Patrick Muench, and Ryan T. Jenny] . . ., I find Plaintiff's counsel will fairly and adequately represent the interests of the class.").

### CONCLUSION

Plaintiff's motion for class certification and appointment of class counsel [102] is granted as to Counts I-III. This case is set for an in-person status to discuss next steps on 4/19/2023 at 10:30 a.m.

**DATE:** April 11, 2023

**Hon. Ronald A. Guzmán**
**United States District Judge**

5