UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CAROLYN PLACHT,**<br><br>*Plaintiff,*<br><br>v.<br><br>**ARGENT TRUST COMPANY,**<br><br>*Defendant.* | Case No. 1:21-cv-05783<br><br>Hon. Sara L. Ellis |

**DEFENDANT ARGENT TRUST COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Defendant Argent Trust Company ("Argent") hereby moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for entry of summary judgment in its favor as to Counts I, II, and III of Plaintiff Carolyn Placht's ("Plaintiff") Complaint (ECF No. 1). Argent's Motion is based on the points and authorities set forth in the accompanying Memorandum in Support of Defendant Argent Trust Company's Motion for Summary Judgment, the Joint Statement of Undisputed Material Facts, the supporting exhibits thereto, and such other matters as may be presented to the Court at or before the hearing of this Motion.

As further shown in Argent's Memorandum in Support of this Motion, Argent is entitled to summary judgment on Plaintiff's ERISA prohibited transaction claims in Count I because the undisputed facts show that the employer stock purchase and loan transactions that Plaintiff claims were prohibited under ERISA § 406(a), 29 U.S.C. § 1106(a) were covered by exemptions in ERISA § 408(e) and (b)(3), 29 U.S.C. § 1108(e), (b)(3) that expressly permit employee stock

1

ownership plans ("ESOPs") to purchase shares of employer stock, and to borrow money to finance the purchase of employer stock, if specified conditions are met.

Argent is also entitled to summary judgment on Plaintiff's ERISA fiduciary breach claims in Count II. Plaintiff cannot prove that Argent breached ERISA's duty of loyalty, because there is no evidence that Argent served an interest or obtained a benefit at the expense of the ESOP participants, as is required to establish a breach. Plaintiff also cannot prevail on her claim for breach of ERISA's duty of prudence, because the undisputed facts establish that Argent used a thorough and prudent process for investigating the merits of the ESOP's purchase of employer stock, determining the stock's fair market value, and negotiating the transaction terms on behalf of the ESOP.

Finally, Argent is entitled to summary judgment on Plaintiff's claim in Count III that the indemnification agreement in Argent's engagement letter is void under ERISA § 410, 29 U.S.C. § 1110, to the extent it permits indemnification for losses from a breach of fiduciary duty or prohibited transaction. Because Plaintiff cannot prevail on her fiduciary breach or prohibited transaction claims, Plaintiff's claim about possible indemnification for losses from a breach or violation is moot. Plaintiff's claim also separately fails because the indemnification agreement expressly states that the indemnification obligation "shall not apply" if a fiduciary breach is shown. Courts have held that such language unambiguously encompasses violations of both ERISA's general fiduciary duty provisions and ERISA's prohibited transaction rules, which are a species of fiduciary breach under ERISA.

On July 20, 2023, pursuant to this Court's procedures regarding summary judgment practice, Argent provided Plaintiff with a short letter advising of the basis for Argent's motion for summary judgment. The letter explained the facts and authorities that entitled Argent to summary

judgment on each of Plaintiff's claims. On July 21, 2023, counsel for the parties met and conferred by telephone regarding Argent's letter, and Plaintiff's counsel informed Argent that Plaintiff intended to oppose Argent's motion for summary judgment. The parties subsequently had numerous written exchanges and several telephonic meet and confers to discuss the undisputed facts they contend support their positions.

WHEREFORE, for the reasons stated above and elaborated upon more fully in the supporting materials, Argent respectfully requests that the Court grant its Motion and enter summary judgment for Argent on each of Plaintiff's claims.

Dated: August 25, 2023

Respectfully Submitted,

*/s/ Gregory F. Jacob*
Gregory F. Jacob (*pro hac vice*)
Deanna M. Rice (*pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
gjacob@omm.com
drice@omm.com

John R. Landis
Jeffrey A. Soble
Samantha Saddler
FOLEY & LARDNER LLP
321 North Clark Street, Suite 3000
Chicago, IL 60654
Telephone: (312) 832-4539
JRLandis@foley.com
JSoble@foley.com
SSaddler@foley.com

*Attorneys for Defendant Argent Trust Company*

## **CERTIFICATE OF SERVICE**

      I, Gregory F. Jacob, hereby certify that on August 25, 2023, I caused the foregoing to be filed using the CM/ECF system for the United States District Court for the Northern District of Illinois, which will send notification of such filing to all registered participants.

                                                 */s/ Gregory F. Jacob*
                                                 Gregory F. Jacob